UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES DOWDELL,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, CREDIT ONE BANK, N.A. and LVNV FUNDING LLC,

    Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, CHARLES DOWDELL (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union, LLC (hereinafter "Trans Union"), Credit One Bank, N.A. (hereinafter "Credit One") and LVNV Funding LLC (hereinafter "LVNV") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, TransUnion LLC, and Experian Information Solutions, Inc.

3. Consumer reporting agencies that create consumer reports, like Equifax Information Services, LLC, TransUnion LLC, and Experian Information Solutions, Inc. are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Credit One or LVNV, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Credit One and LVNV. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Florida, residing in Orange County, Florida.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8) as he is a national person allegedly obligated to pay a debt.

12. Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida, 33324.

13. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

14. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Upon information and belief, TransUnion is a corporation headquartered in the State of Illinois, authorized to do business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc., located at 1201 Hays Street, Tallahassee, Florida, 32301.

17. Upon information and belief, TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f).

18. Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

20. Credit One is a national association collecting an alleged obligation which arises out of personal, family or household transactions.

21. Credit One is a national association that was attempting to collect an alleged consumer debt from Plaintiff.

22. Credit One is a Nevada corporation with a principal place of business located at 6801 South Cimarron Road, Las Vegas, Nevada 89113, which does business in the state of Florida.

23. Credit One is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24. Credit One is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

25. Upon information and belief, LVNV is a corporation headquartered in the State of Nevada, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida, 32301.

26. LVNV is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

27. LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

28. Plaintiff is a natural person who is alleged to owe a debt to Credit One for a credit card debt.

29. That same alleged debt was later transferred/sold to LVNV.

30. Plaintiff never had dealings with Credit One or subsequently, LVNV.

31. Experian and TransUnion are both reporting that Plaintiff owes the alleged debt to Credit One.

32. Experian and TransUnion are both reporting that the alleged Credit One debt is charged off.

33. Experian and TransUnion are both reporting that Plaintiff owes the alleged debt to LVNV.

34. Experian and TransUnion are both reporting that the alleged LVNV debt is charged off.

35. In or about August 2019, the Plaintiff mailed written dispute letters to Experian concerning the fraudulent reporting of the Credit One and LVNV accounts.

36. In or about August 2019, the Plaintiff mailed written dispute letters to TransUnion concerning the fraudulent reporting of the Credit One and LVNV accounts.

37. In the aforementioned letters, Plaintiff explained in detail that the Credit One and LVNV accounts did not belong to him.

38. On or about September 24, 2019, Experian responded to the dispute stating that the Credit One "information is accurate".

39. On or about September 24, 2019, Experian responded to the dispute stating that the LVNV account was "verified as accurate."

40. On or about September 30, 2019, TransUnion responded to the dispute stating that the Credit One account was "verified as accurate."

41. On or about September 30, 2019, TransUnion responded to the dispute stating that the LVNV account was "verified as accurate."

42. Upon information and belief, Experian notified Credit One of Plaintiff's dispute of the account.

43. Upon information and belief, Experian notified LVNV of Plaintiff's dispute of the account.

44. Upon information and belief, TransUnion notified Credit One of Plaintiff's dispute of the account.

45. Upon information and belief, TransUnion notified LVNV of Plaintiff's dispute of the account.

46. None of the letters Plaintiff sent to Experian and/or TransUnion provided any relief for Plaintiff.

47. Credit One is disclosing the existence of this fraudulent debt to collection agencies in an attempt to collect the debt.

48. Upon information and belief, Credit One, to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt.

49. Upon information and belief, Credit One to this date, has never informed TransUnion that Plaintiff is not the responsible party for the alleged debt.

50. Upon information and belief, LVNV to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt.

51. Upon information and belief, LVNV to this date, has never informed TransUnion that Plaintiff is not the responsible party for the alleged debt.

52. Upon information and belief, Experian kept the fraudulent accounts on Plaintiff's credit report despite being notified that Plaintiff was a victim of identity theft.

53. Upon information and belief, to date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

54. Upon information and belief, TransUnion kept the fraudulent accounts on Plaintiff's credit report despite being notified that Plaintiff was a victim of identity theft.

55. Upon information and belief, to date, TransUnion has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error

56. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Delayed purchasing of an automobile;
   ii. Delayed in establishing his own residence;
   iii. Monies lost by attempting to fix his credit;
   iv. Loss of time;
   v. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

57. All conditions precedent to the filing of this action have occurred.

## COUNT I
### Violation of the FDCPA by Credit One Bank, N.A.

58. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

59. At all times relevant to this action, Credit One was subject to and required to abide by 15 U.S.C. § 1692 *et seq*.

60. Credit One violated 15 U.S.C. §§ 1692e(2)(a), 1692e(8) and 1692e(10) by falsely representing the character, amount, or legal status of a debt, and by communicating to any person credit information which is known or which should be known to be false, all in an attempt to collect a debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Defendant, CREDIT ONE BANK, N.A. for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### Violation of the FCRA § 1681s-2(b) by Credit One Bank, N.A.

61. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

62. Credit One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

63. Credit One published false information about Plaintiff owing a debt, to Experian and TransUnion and through Experian and TransUnion to Plaintiff's potential lenders.

64. Credit One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Credit One representations to the consumer reporting agencies.

65. Credit One violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and TransUnion after Credit One had been notified of the dispute and that the information was inaccurate.

66. Credit One did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. Credit One knowingly chose to follow

procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Credit One would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

67. As a result of Credit One's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff has also been delayed in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting by Credit One.

68. Credit One's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CREDIT ONE BANK, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### Violation of the FDCPA by LVNV Funding LLC

69. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

70. At all times relevant to this action, LVNV was subject to and required to abide by 15 U.S.C. § 1692 *et seq*.

71. LVNV violated 15 U.S.C. §§ 1692e(2)(a), 1692e(8) and 1692e(10) by falsely representing the character, amount, or legal status of a debt, and by communicating to any

9

person credit information which is known or which should be known to be false, all in an attempt to collect a debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LVNV FUNDING LLC for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### Violation of the FCRA § 1681s-2(b) by LVNV Funding LLC

72. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

73. LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

74. LVNV published false information about Plaintiff owing a debt to Experian and TransUnion and through Experian and TransUnion to Plaintiff's potential lenders.

75. LVNV violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and TransUnion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the LVNV representations to the consumer reporting agencies.

76. LVNV violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian and TransUnion after LVNV had been notified of the dispute and that the information was inaccurate.

77. LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. LVNV knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if LVNV would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

78. As a result of LVNV's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. Plaintiff has also been delayed in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting by LVNV.

79. LVNV's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LVNV FUNDING LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT V
**Violation of the FCRA § 1681i(a) by Defendant Experian Information Solutions, Inc.**

80. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

81. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. Experian failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

82. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Credit One or LVNV regarding the alleged debt owed.

83. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

84. As a result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

85. Experian's violations were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

86. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for

statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
**Violation of the FCRA § 1681e(b) by Defendant Experian Information Solutions, Inc.**

88. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

89. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

90. As a result of Experian's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

91. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

93. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder

from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VII
### Violation of the FCRA § 1681i(a) by Defendant TransUnion LLC

94. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

95. TransUnion violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. TransUnion failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

96. TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Credit One or LVNV regarding the alleged debt owed.

97. TransUnion violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

98. As a result of TransUnion's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, delay in obtaining credit to purchase an automobile and establish his own residence because of the inaccurate reporting, embarrassment, humiliation and other mental and emotional distress.

99. TransUnion's violations were willful, rendering TransUnion liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100. In the alternative, TransUnion was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

101. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, TRANSUNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of the FCRA § 1681e(b) by Defendant TransUnion LLC

102. Plaintiff restates and incorporates his allegations in paragraphs one (1) through fifty-seven (57), including subparts, as if fully set forth herein.

103. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

104. As a result of TransUnion's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

105. TransUnion's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106. In the alternative, TransUnion was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

107. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, TRANSUNION LLC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
Primary Email: JDerry@ForThePeople.com
Secondary Emails: JKneeland@ForThePeople.com
and KaitlynM@ForThePeople.com
*Attorney for Plaintiff*