UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES DOWDELL,

    Plaintiff,

v.                                                                    Case No: 6:19-cv-2356-Orl-22GJK

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANSUNION LLC,
CREDIT ONE BANK, N.A., AND LVNV
FUNDING LLC,

    Defendants.

---

## **ORDER**

Plaintiff alleges that Defendant Credit One Bank, N.A., has its principal place of business in Nevada and conducts business in Florida (Doc. 1, ¶ 22). Plaintiff has filed an affidavit of service of this lawsuit on Credit One (Doc. 19). The affidavit states that the process server was to serve "Credit One Bank, N.A." (Id., at 2). On January 2, 2020, the process server served the summons and complaint on "Inita Bundage, Authorized" (Id.) On January 29, 2020, Plaintiff moved for entry of a clerk's default against Credit One based upon its failure to answer or otherwise defend (Doc. 21).

Service of process on a corporation in a judicial district of the United States may be accomplished in one of two ways:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ....

FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) provides that an individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made …." Under Florida law, serving process on a corporation is governed by § 48.081, Florida Statutes:

> (1) Process against any private corporation . . . may be served:
>
>    a. On the president or vice president, or other head of the corporation;
>
>    b. In the absence of any person described in [a.], on the cashier, treasurer, secretary, or general manager;
>
>    c. In the absence of any person described in [a. or b.], on any director; or
>
>    d. In the absence of any person described in [a., b., or c.], on any officer or business agent residing in the state.
>                                . . .
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee of the corporation's principal place of business or any employee of the registered agent.

In order to be effective, the process server's affidavit must attest to the unavailability of the higher-level representatives. Id. In the alternative, a private corporation may be served by serving the registered agent. Id.

Under Nevada law, corporations are required to designate and continuously maintain a registered agent in Nevada upon whom process may be served. NEV. REV. STAT. § 14.020(1) (2015). If a corporation fails to designate a registered agent, then service of process may be served on the secretary of state. NEV. REV. STAT. § 14.030(1) (2008).

Here, the affidavit of service does not state who Inita Bundage is in relation to Credit One (Doc. 19, at 2). Nor does the affidavit show that Bundage was an appropriate person to serve under Florida law, Nevada law, or Rule 4. Other than filing the affidavit of service, Plaintiff has not presented any evidence to indicate that service was proper. Accordingly, Plaintiff has **fourteen days** from the date of this order to address the issues raised herein. Failure to respond to the order will result in denial of the motion for entry of a clerk's default against Credit One.

**DONE** and **ORDERED** in Orlando, Florida, on January 30, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record